## APPEAL OF FEDERAL FUEL CO.

Docket No. 1865.   Submitted October 8, 1925.   Decided February 17, 1926.

1. To entitle a taxpayer to deduct from gross income, as a bad debt, an item ascertained to be worthless and charged off in a given year, such a debt must have had an existence in fact and law.

2. A deduction may be taken as a loss, under the Revenue Act of.1918, only in the year in which the loss was sustained.

*James G. Marks, Esq.*, for the taxpayer.
*A. H. Murray, Esq.*, for the Commissioner.

Before PHILLIPS and TRAMMELL.

This is an appeal from the determination of a deficiency in income and profits taxes for 1920 in the amount of $9,644.68. In the answer of the Commissioner one of the errors assigned by the taxpayer in his petition was conceded, and at the trial the taxpayer waived another alleged error, leaving for the decision of the Board only the question of the correctness of the action of the Commissioner in disallowing a deduction, claimed by the taxpayer in its 1920 return as a bad debt, in the amount of $5,000.

### FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of Pennsylvania, having its principal office at Connellsville. It was engaged in the business of buying and selling coal. In 1919 it entered into a contract with C. Hoffberger & Co., of Baltimore, Md., to supply to that company coal to be furnished to the City of Baltimore. Hoffberger & Co. were required by the city to deposit $5,000 with the city as a guarantee that the contract would be complied with. In turn Hoffberger & Co. required the taxpayer to deposit with it the

same amount as a guarantee that it would comply with its contract. Test cars of coal were shipped to the city, and they were refused on the ground that the coal did not meet the terms of the contract as to quality. The city then canceled the contract with Hoffberger & Co. The taxpayer then demanded the return of the money deposited by it with Hoffberger & Co., who refused to return it on the ground that the taxpayer had not complied with its contract as to furnishing coal and claimed that it was entitled to damages for the breach in an amount in excess of $5,000. All of these transactions took place in 1919.

The taxpayer referred the question to its lawyers, who after consideration advised, by letter June 24, 1919, that it had no cause of action against Hoffberger & Co. for the return of the money except to the extent that the $5,000 exceeded the damages Hoffberger & Co. sustained on account of the breach of contract by the taxpayer, and that the damages might exceed that amount.

During the latter part of 1920 taxpayer's counsel made an examination into the legal liability of the Ridge Co., from which the taxpayer purchased the coal to supply to Hoffberger & Co., and he reached the conclusion that that company was not liable to the taxpayer and that no recovery could be had from anyone. The taxpayer thereupon, before the close of that year, charged off the entire amount of $5,000 on its books. In 1921 the taxpayer succeeded, through the efforts of another attorney, in recovering $1,250 from Hoffberger & Co. on account of the claim and settled the controversy.

### DECISION.

The deficiency should be computed in accordance with the concession of the Commissioner and the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

### OPINION.

TRAMMELL: We have held that before a deduction can be allowed on account of a debt ascertained to be worthless and charged off there must first be a debt. *Appeal of Luke & Fleming, Inc.,* 1 B. T. A. 12; *Appeal of Louis Titus,* 2 B. T. A. 754. In this appeal any amount due by Hoffberger & Co. was at all times collectible. It is not intimated that they were not financially responsible and able to pay the amount. They denied owing the taxpayer anything, and claimed that the taxpayer owed them damages in excess of the amount. This appears to have been the only reason that the claim was not paid in full in 1919, when the controversy arose. It is

104881—27——55

true that in 1921 Hoffberger & Co. did pay one-fourth of the amount to the taxpayer in settlement of the claim.

If the debtor was not legally liable to the taxpayer, then there was no debt to become worthless. It can not become worthless because of inability to establish legally the liability for the debt, for in such a case there is not an ascertainment of worthlessness of an existing debt, but an ascertainment of the nonexistence of such a debt. *Appeal of Luke & Fleming, Inc., supra.*

If the taxpayer sustained a loss from the transaction, such loss is deductible only in the year in which the loss is sustained. It is sufficient for the purposes of this appeal to say that the loss was not sustained in 1920.